IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| CHARLES COLEMAN, #300-578, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PWG-14-2788 |
| M.T.C. WARDEN-JERICHO, et al., | * | |
| Respondents. | * | |
| | *** | |

## MEMORANDUM OPINION

Charles Coleman is a prisoner in the custody of the Maryland Division of Correction ("Division"). Pending is Charles Coleman's petition for writ of habeas corpus filed on a pre-printed form for filing a petition pursuant to 28 U.S.C. § 2254.[1] Coleman, who is self-represented, claims the Division did not properly calculate his term of confinement following the revocation of his parole by the Maryland Parole Commission. Pet., ECF No. 1. Coleman has not filed any petitions in state court raising the issue presented in his federal petition. *See* Pet.

---

[1] There is some dispute among the federal circuits as to whether a prisoner in custody pursuant to a state court judgment may bring a 28 U.S.C. § 2241 petition in federal court, or whether such a prisoner must solely rely on 28 U.S.C. § 2254 for habeas relief. *See e.g. Gonzalez–Fuentes v. Molina*, 607 F.3d 864, 876 n.9 (1st Cir. 2010) (recognizing circuit split on issue); *Gregory v. Coleman*, 218 F. App'x 266, 267 n.* (4th Cir. 2007) (same); *Gutierrez v, Florida State*, No. PWG-13-35, 2013 WL 264533, at *1 n.8 (D. Md. Jan. 18, 2013). In either case, both 28 U.S.C. § 2241 and 28 U.S.C. § 2254 require exhaustion of available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Rules Governing Section 2254 Cases in the United States District Courts*, Rules 1 and 5 (stating district courts may apply these rules to habeas petitions in addition to those under § 2255 and discussing exhaustion); *see also Francis v. Henderson*, 425 U. S. 536, 539 (1976) ("[T]his Court has long recognized that in some circumstances considerations of comity and concerns for the order administration of criminal justice require a court to forego the exercise of its habeas power."); *Braden v. 30th Judicial Cir.t Ct.*, 410 U.S. 484, 490–491 (1973) (exhaustion required under 28 U.S.C. § 2241); *Timmons v. Johns*, 627 F.3d 525, 531–32 (4th Cir. 2010) (applying exhaustion requirements to a 28 U.S.C. § 2241 petition challenging civil commitment).

Respondents Metropolitan Transition Center ("Center") Warden Jericho[2] and the Attorney General of Maryland have filed a response seeking dismissal of the petition for lack of exhaustion.[3] Coleman was provided an opportunity to reply, but has not done so. ECF No. 3. I find a hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For reasons to follow, I will DISMISS the petition without prejudice as unexhausted.

## Discussion

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b)–(c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 490–91 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991); *Castille v. Peoples*, 489 U.S. 346, 349–52 (1989), *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–49 (1999).

Coleman does not dispute that he has failed to exhaust his claims. Because Coleman did not seek review of his habeas corpus claim in the state courts of Maryland, the petition is unexhausted and will be dismissed without prejudice.

## Certificate of Appealability

A Certificate of Appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by "demonstrate[ing] that reasonable jurists would find the district court's assessment

---

[2] Solomon Hejirika is presently warden at the Center. *See* Fed. R. Civ. P. 25(d) (providing an action does not abate when a public officer who is a party in an official capacity ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.).
[3] Coleman has also filed a motion to proceed in forma pauperis, ECF No. 2, which will be granted.

of the constitutional claims debatable or wrong," *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), and that any dispositive procedural ruling by the district court is likewise debatable, *see id.* at 335–38; *Slack*, 529 U.S. at 484; *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Reasonable jurists would not find the claims presented herein debatable; thus I decline to issue a Certificate of Appealability.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the petition will be dismissed as unexhausted by separate order. A Certificate of Appealability shall not issue.

Dated: October 9, 2015

/S/
Paul W. Grimm
United States District Judge